UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884

Attorneys for Defendant

| | |
|---|---|
| Frankie Monegro, on behalf of himself and all others similarly situated, | |
| Plaintiff, | DOCKET NO. 21-cv-3093 (GBD)(SN) |
| - vs. – | |
| I-Blades, Inc., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................................... 1

LEGAL ARGUMENT ............................................................................................................................. 2

    I.     This court lacks subject matter jurisdiction over plaintiff's claims because they are moot ............................................................................................................................. 3

    II.    Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact .......................................................................................................................... 5

    III.   The complaint should be dismissed for failing to state a claim upon which relief can be granted ............................................................................................................... 8

CONCLUSION .....................................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                      **Pages**

*Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2nd Cir. 2011) .................................. 6

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) .................................................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 8,9,10

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2nd Cir.2007) ............................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .... 8,9,10

*Bernstein v. City of New York*, 621 F. App'x 56 (2nd Cir. 2015) .................................................. 7

*Brintley v. Aeroquip Credit Union*, 936 F.3d 489 (6th Cir. 2019) ................................................ 4

*Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94 (2d Cir. 2010). ........................... 4

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ................................................ 8

*Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. June 4, 2019) .................................................. 4

*Dominguez v. Athleta LLC*, 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) ..................................... 7

*Fink v. Time Warner Cable*, 2009 WL 2207920 (S.D.N.Y. July 23, 2009) .................................. 9

*Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*,
     528 U.5. 167 (2000) ............................................................................................................... 5

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) ................................................ 2-3

*Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 652-654 (4th Cir. 2019) ..................... 4

*Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619  (S.D.N.Y. Dec. 18, 2020) ........ 3

*Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154 (2nd Cir. 2013) ..................................... 7

*IBM v. Dale*, 2011 WL 4012399 (S.D.N.Y. Sept. 9, 2011) ........................................................... 9

*Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638 (2d Cir. 1998) ............................................. 3

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2nd  Cir. 2013)  ........................................... 7

*Lujan v. Defenders of Wildlife*, 50 U.S. 555 (1992). .................................................................... 5

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) .............................................................. 2

*Mendez v. Apple Inc.*, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ................................................. 6-7

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2nd Cir. 2016) ........................................................................ 7

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ........................................................ 5


### *Statues and Rules*

Fed. R. Civ. P. 8 ................................................................................................................................. 1, 8

Fed. R. Civ. P. 12 ............................................................................................................................... 1, 10

**PRELIMINARY STATEMENT**

Plaintiff Frankie Monegro asserts that the website of defendant I-Blades, Inc., www.i-blades.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"). I-Blades disputes that its website ever denied equal access to plaintiff based on his disability, but assuming arguendo that it did, because it is now impossible for plaintiff to do business with I-Blades, plaintiff's claims are moot, and the case must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1).

Furthermore, plaintiff's vague complaint does not satisfy the requirement to plead an injury in fact, resulting in a lack of standing for his case, providing a second reason why the case must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1); even if he satisfied the constitutional standard, he could not satisfy the pleading requirements of Fed. R. Civ. P. 8., meaning that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**STATEMENT OF FACTS[1]**

Plaintiff is a resident of Manhattan who alleges that he is a visually impaired and legally blind individual with a qualifying disability under the Americans with Disabilities Act. He uses specialized screen reading software such as Non Visual Desktop Access ("NVDA") to enable him to access information on the Internet.

Monegro claims that on several unspecified occasions, with the last being in March 2021, he visited the website located at www.i-blades.com "to make a purchase." However, when he did so, he allegedly encountered a series of vaguely described virtual barriers that purportedly prevented him from being able to complete a purchase of some unspecified

---

[1] These facts are either taken from the complaint or from the Declaration of Jorge Fernandes submitted with this motion.

1

product.

I-Blades.com, a California-based company, sells smartphone cases and a few related accessories on the Internet; it has no physical business at all. It is a small company with only two employees, and it has a very low sales volume. Relevantly for the purposes of this lawsuit, it did only a little more than $3,000 worth of business in all of the state of New York in all of last year. Because it generated so little revenue from the state of New York, it made the determination as a result of the instant lawsuit that doing business in the state of New York, and subjecting itself to such lawsuits, was not merited under a cost-benefit analysis. Thus, it made the decision to cease doing such business. Its website — again, the only place where it conducts business — no longer permits New York residents to shop there. From the perspective of a New Yorker, the website is purely informational; an attempt to place an order results in a denial. It is no longer possible for any individual in the state of New York, sighted or visually impaired, to do business with I-Blades; even assuming that the site posed accessibility barriers, an attempt by Mr. Monegro to use the website would have the same result as an attempt by his non-visually impaired neighbor to do so.

## **LEGAL ARGUMENT**

### I. **This court lacks subject matter jurisdiction over plaintiff's claims because they are moot.**

This Court must dismiss a claim for lack of subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1), "when the district court lacks that statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to matters that present actual "cases and controversies;" therefore, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v.*

*Symczyk*, 133 S. Ct. 1523, 1528 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis*, 1523 S. Ct. at 1528. Thus, factual changes made by a defendant after litigation commences can moot a case. "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998)).

In the instant case, there is no reasonable expectation that the alleged violation will recur. Even if I-Blades.com poses accessibility barriers — which defendant certainly does not concede — those barriers cannot prevent Mr. Monegro from completing a transaction on the website, because there is no possibility of him undertaking a transaction on the website. Because Mr. Monegro lives in New York, he can no longer do business with I-Blades.

Courts have granted motions to dismiss in cases of this nature when cases are mooted by subsequent events. *See, e.g., Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020)(case dismissed where defendant remediated the website and eliminated accessibility issues); *Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. June 4, 2019)(same). In each of those cases, the fact that the New York plaintiffs could not do business with the remote defendants that did not sell in New York were additional factors leading to dismissal, although in those instances the courts analyzed that issue as a matter of personal jurisdiction. Because I-Blades formerly did sell to customers in New York, it cannot raise that same defense even though it no longer does so. But other cases squarely addressed the fact pattern in which it was impossible for the plaintiff to do business with defendants, and found that this required dismissal. *See, e.g., Brintley v. Aeroquip Credit Union*,

3

936 F.3d 489, 491 (6th Cir. 2019) (plaintiff who was not eligible to be a customer of the defendant lacked standing to bring an ADA claim); *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 652-654 (4th Cir. 2019)(case dismissed where plaintiff was legally ineligible to do business with defendant). To be sure, those cases involved standing, because the plaintiffs therein were never entitled to do business with defendants. This case involves mootness, due to a change in circumstances that arose after the filing of the instant suit. But mootness is simply "standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997)

To be sure, the matter is not as simple as a defendant ceasing its conduct; "factual changes made by a defendant after litigation has commenced cannot render a case moot unless it is absolutely clear the defendant cannot resume the allegedly offending conduct." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010). Otherwise, it would be too easy for a defendant to moot a case only for long enough for the case to be dismissed. But this case does not represent the common scenario of a business being sued and then conclusorily claiming that it has gotten its website into compliance; in that scenario, even if such a claim is true there is of course no guarantee that routine updates to the site would not cause it to become non-compliant again. Rather, I-Blades took a specific step to make it *impossible* for any barriers on the site to affect the plaintiff. And I-Blades provides specific details to explain why this step will not be reversed: because the finances do not justify doing so. I-Blades simply has no incentive to reverse its decision and expose itself to future liability from Mr. Monegro or the dozen other serial plaintiffs in this district that specialize in cases of this nature.

### II. Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact.

Even if the complaint were not moot, this Court should dismiss Mr. Monegro's claims because he has not met his burden of showing that he has suffered the "injury in fact" required by Article III of the constitution. Here, Plaintiff bears the burden of establishing the elements of standing because he has invoked federal jurisdiction by bringing a claim under the ADA. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)

In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 180-81 (2000). "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 50 U.S. 555, 560 n.l (1992). An injury is "concrete" if it is "de facto"; that is, it must actually exist rather than being only "abstract." *Spokeo*, 36 S.Ct. at 1548. In *Spokeo*, the plaintiff brought a claim alleging a technical violation of the Fair Credit Reporting Act, but asserted no injury beyond that violation. The Supreme Court held that a party does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549.

That fact pattern reappears in the instant case. Mr. Monegro alleges that I-Blades's website is not fully accessible to visually impaired individuals, but does not describe any "concrete and particularized" injury that he has suffered. He states that he was "was denied a shopping experience similar to that of a sighted individual due to the website's lack of a

5

variety of features and accommodations," but describes those access barriers only in the vaguest of terms. He was unable to differentiate products on the screen because many features "lacks [sic] alt. text," but he does not specify which. Many features "fail to add a label element or title attribute," but he does not specify which. Many pages "contain the same title elements," but he does not name the pages or the title elements. And there were "a host of broken links," but he does not identify any. If all of this sounds generic and boilerplate, that is because it is. Mr. Monegro has made a habit of filing such minimalist lawsuits with similar or identical non-specific claims, even with the same grammatical error.[2]

Moreover, even accepting the vague nature of those allegations, he fails to explain how those barriers actually injured him. He visited "to make a purchase" (of what, he does not say). He does not identify *where* he encountered any of the above "barriers," or when, or how they prevented him from completing a purchase. A court is not required to "'credit a complaint's conclusory statements' when considering whether a plaintiff has alleged facts sufficient to support standing." *Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145-6 (2nd Cir. 2011)   In a remarkably similar fact pattern, a court in the Southern District dismissed a web accessibility complaint for lack of failure to plead an injury in fact. In *Mendez v. Apple Inc.*, 2019 WL 2611168 at *1 (S.D.N.Y. Mar. 28, 2019), a plaintiff pleaded that she could not navigate Apple's website because of "1) "Lack of Alternative Text", 2) "Empty Links That Contain No Text", 3) "Redundant Links", and 4) "Linked Images Missing Alt-text." The *Mendez* court found this threadbare recitation of facts to be insufficient to establish an injury

---

[2] See, e.g., *Monegro vs. Medical Depot, Inc.*, 20-cv-6087 (word-for-word exact same list of "barriers"); *Monegro vs. Bradshaw International, Inc.*, 20-cv-8379 (same); *Monegro vs. Inventist, Inc.*, 21-cv-4393 (same); *Monegro vs. Serta Simmons Bedding.*, 20-cv-7367 (same); *Monegro v. Spinster Sisters, Inc.*, 21-cv-1318 (same). The list goes on; PACER reflects that Mr. Monegro has filed 155 such assembly-line cases in just the last ten months in this District.

6

in fact under the ADA. "Those who live by the photocopier shall die by the photocopier. By failing specifically to assert any concrete injury, Plaintiff's claims fail as a matter of law." *Id.* at *4 And finding that the standard for standing under the NYCHRL is the same as under the ADA, the *Mendez* court found those to be inadequately pleaded as well. *Id.*

Mr. Monegro fails to plead an injury-in-fact under the ADA in another way: lack of redressability. Because the only remedy under the ADA is injunctive relief, a plaintiff has standing only when he establishes, inter alia, that "it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff **intended to return** to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2nd Cir. 2013) (*per curiam*)(emphasis added). That is because without the "real or immediate threat of injury," injunctive relief is not available. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2nd Cir. 2016) Here, Mr. Monegro barely even pleads that he has visited i-Blades, Inc.'s website more than once — saying only vaguely that he did so "on multiple occasions" — and never mentions any intent to do so in the future. The closest he comes is a vague, conclusory claim that if the site were accessible, he "could" complete a desired transaction. That is not even close to sufficient. See, e.g., *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2nd Cir. 2013) (pleading that one travels frequently does not show intent to return to a specific hotel); *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2nd Cir. 2015)(alleging that one has visited Central Park many times in the past is not sufficient to show intent to return in the future); *Dominguez v. Athleta LLC*, 2021 WL 918314, at *3 (S.D.N.Y. Mar. 10, 2021)("indefinite" plan to return to store is conclusory; furthermore, fact of filing "at least 24 nearly identical complaints against other retailers… undermines the sincerity of Plaintiff's alleged intent to return"). A mere statement

7

that Mr. Monegro could visit the site is not, of course, a statement that he actually intends to do so, let alone that he would attempt to purchase something there.

### III. The complaint should be dismissed for failing to state a claim upon which relief can be granted.

Even if plaintiff's claim were not moot, and even if plaintiff had sufficiently pleaded an injury in fact, the complaint should be dismissed for failing to adequately plead grounds for relief. Fed. R. Civ. P. 8(a)(2), requires "`a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (ellipsis in original). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2nd Cir.2007) (*citing Twombly*, 127 S.Ct. at 1965). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard... asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*.

And yet, as described above, all Mr. Monegro's complaint offers is conclusions. He visited the www.i-blades.com website at unspecified times (once on some date in March 2021), considered purchasing products that he does not identify, and encountered barriers

at unspecified locations: "page options,"  lack of "alt text," lack of "label elements or title attributes", and some "broken links."  But not a single one of these barriers is actually identified, nor is any explanation provided for how these barriers affected him personally.

To be sure, some courts have found that even such vague descriptions of website problems could be sufficient, in the context of a motion to dismiss, to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  While defendant would dispute that assessment even under ordinary circumstances, defendant respectfully suggests that this Court should look at these sorts of vague allegations with an even more jaundiced eye in the context of a serial ADA plaintiff who makes those exact same word-for-word allegations about 155 different defendants, including three other cases filed April 9, 2021, the same day as the instant case.  (The Court can take judicial notice of the fact that such cases[3] were filed and that they contain identical allegations.)

The paucity of plaintiff's allegations does not stop there. Mr. Monegro asks for compensatory damages, as the NYCHRL permits. But in addition to failing to plead his allegations of wrongdoing with any degree of specificity, plaintiff has failed to allege *any* harm at all. He describes neither pecuniary nor emotional damages suffered as a result of defendant's alleged violations; indeed, he does not even *mention* damages, except in his requests for relief.  This is insufficient. "[A]n allegation that [a claimant] 'suffered damages' without particular facts as to how he was damaged does not satisfy *Twombly* and *Iqbal*." *IBM v. Dale*, 2011 WL 4012399, at *2  (S.D.N.Y. Sept. 9, 2011); *Fink v. Time Warner Cable*, 2009 WL 2207920 at *4 (S.D.N.Y. July 23, 2009) (allegation that defendant "causes damage"

---

[3] *Monegro v. Japan Crate, LLC*, 21-cv-03096; *Monegro v. Mezco Toyz, LLC*, 21-cv-03098; and *Monegro v. Output, Inc*., 21-cv-03101.

9

merely parrots the statutory language and is insufficient.) A plaintiff must provide more than "an unadorned the defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). Mr. Monegro has failed to do so.

## **CONCLUSION**

For the reasons set forth above, this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted,

By: /s/ David Stein

David Stein

Dated: June 11, 2021